# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHANE T. ROBBINS,

    **Plaintiff,**

    v.                               Case No. 16-CV-746

WARDEN BRIAN FOSTER, ANN SCARPITA,
JOHN SCHETTLE, NANCY GARCIA,
NICOLE KAMPHUIS, PAUL LUDVIGSON,
TONIA MOON, SHANE M. WALLER,
and DONNA LARSON,

    **Defendants**.

## SCREENING ORDER

The plaintiff, Shane T. Robbins, who is incarcerated at Waupun Correctional Institution (WCI), is representing himself. He filed a complaint alleging that the defendants violated his constitutional rights. This matter comes before the court on plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). He has been assessed and paid an initial partial filing fee of $24.94. *See* 28 U.S.C. § 1915(b)(1).

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in by *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

<u>Complaint Allegations</u>

Plaintiff alleges that in about June 2015, the dentist at WCI, Dr. Schettle, told plaintiff he had to remove gum tissue that was too high over plaintiff's lower teeth. Dr. Schettle then "open my mouth and began to grind away at my gums without any Novocain." (Dkt. No. 1-1 at 1.) Dr. Schettle's assistant asked, "What are you doing? He hasn't been numbed." *Id.* Dr. Schettle responded that plaintiff would be "fine," and continued. *Id.* The procedure caused plaintiff great pain.

3

In unrelated allegations, plaintiff alleges that defendant Nurse Nancy Garcia failed to properly treat him for his serious testicle pain. She only orders higher doses of medication, which does not give plaintiff relief. In addition, plaintiff was not given a private cell so that he could apply warm compresses to the area, which did help. Plaintiff alleges that the members of the WCI's Special Needs Committee, consisting of defendants Ann Scarpita, Nicole Kamphuis, Paul Ludvigson, Tonia Moon, Shane Waller, and Donna Laron, are responsible for not giving plaintiff a private cell so that he could treat his testicle pain.

In what appears to be a related claim, plaintiff alleges that he has a bad back and requires a lower bunk bed. Defendants will not give him a lower bunk bed restriction. He has trouble getting into and out of the upper bunk, and he has fallen several times.

Plaintiff seeks injunctive relief and monetary damages.

## Discussion

Based on the court's reading of the complaint, it appears that plaintiff is attempting to improperly bring unrelated claims in a single case. Under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover,

4

joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action" Fed. R. Civ. P. 20(a)(2).

The court finds that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants at two separate prisons. Plaintiff's gum tissue claim is not related to his other claims. As a result, plaintiff must bring his gum tissue claim against Dr. Schettel in a separate lawsuit from his other claims.

The *George* court instructed that such "buckshot complaints" should be "rejected." *Id.* Therefore, the plaintiff may not proceed on the original complaint. Plaintiff will be allowed to file an amended complaint in this case incorporating only properly related claims. Plaintiff may bring any unrelated claim not pursued in this case in a separate action.

Plaintiff is advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If plaintiff files an amended complaint, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Further, the plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation."

5

*Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

### Plaintiff's Motions to Substitute Party and Modify Name of Defendant

Plaintiff has filed two identical motions that seek to substitute Waupun Correctional Institution as a defendant for former Warden Brian Foster. These motions are moot because plaintiff has been directed to file an amended complaint. To the extent that plaintiff wants to sue the former Warden, plaintiff is reminded that he must allege that each defendant was personally involved in the events giving rise to the claim, as described above.

### Request for Temporary Restraining Order

Plaintiff filed a "Brief Statement" in which he requests immediate transfer to a different institution. Plaintiff states that he "actually fear[s] this place" based on the medical claims as described in the complaint.

To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the court must then balance the harm to each

party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In this case, plaintiff has not established that he is in imminent danger of harm such that he would require immediate transfer to another institution. His gum tissue claim is in the past. With respect to plaintiff's testicle pain, it appears that he has found ways, albeit very inconvenient ways, to obtain some relief from the pain. Moreover, plaintiff has an adequate remedy at law through the filing of this lawsuit. In addition, plaintiff has not established that he has a likelihood of success on the merits. Once plaintiff has filed an amended complaint, he may refile his motion as directed in this order. For all of these reasons, the court will deny plaintiff's motion for temporary restraining order.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order (Dkt. No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to substitute party Waupun Correctional Institution (Dkt. No. 10) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to modify name of defendant (Dkt. No. 11) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff file an amended complaint on or before **September 5, 2016**, which contains only related claims as described in this Order.

**IT IS FURTHER ORDERED** that if the plaintiff does not file an amended complaint by **September 5, 2016**, that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action may be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $325.06 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional

Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin, this 5th day of August, 2016.

**BY THE COURT:**

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge

9

Case 2:16-cv-00746-LA   Filed 08/05/16   Page 9 of 9   Document 13